UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ZAYNAB DABUP,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZAYNAB DABUP (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, ZAYNAB DABUP, is a citizen and resident of Baltimore, Maryland.

2. Defendant, CARNIVAL CORPORATION is a foreign entity incorporated in Panama.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332. Alternatively, in the event this matter does not come under the Diversity Jurisdiction of the Court, then this matter is being brought under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 USC §1333.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by

      purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;

  d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

  f. Operated vessels in the waters of this state;

  g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard the Carnival Valor.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the CARNIVAL VALOR.

8. At all times material hereto, Defendant had exclusive custody and control of CARNIVAL VALOR.

9. On or about September 16, 2019 Plaintiff was a fare-paying passenger aboard CARNIVAL VALOR which was in navigable waters.[1]

10. On or about September 16, of 2019, Plaintiff disembarked the VALOR for a shore excursion exclusively promoted by the Defendant. Upon exiting the ship and the pier, led by a Carnival Cruise Line employee, Plaintiff and her fellow companions were led off the VALOR's gangway, down the pier in Cozumel, Mexico, into a pre-determined gathering area waiting for the excursion with the Carnival employee. This was at approximately 10:30 am in the morning.

11. The gathering area was on a platform under the "three amigos" sign near the waters edge. As the Plaintiff stepped off the platform, which was poorly constructed and which was in disarray and disrepair she tripped and fell through a wooden fence and broke her right arm, and injured her right elbow.

12. As a consequence, Plaintiff injured her right elbow, fractured her right arm, injured

---

[1] Normally there is a one (1) year statute of limitations in these matters per the passenger contract but the Defendant has specifically granted the Plaintiff an extension, as such this matter is within the statute of limitations.

her right wrist and immediately reported this to the ship's infirmary where she received a splint.

13. As a consequence, Plaintiff also necessitated continued medical care following her return home including months of physical and occupational therapy.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

16. On or about September 16, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about September 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to provide Plaintiff with a reasonably safe area / platform to wait for the cruise sponsored shore excursion;
   c. Failure to provide Plaintiff with an alternate reasonably safe manner to wait for the cruise sponsored shore excursion;
   d. Failure to inspect, maintain, monitor, and repair the platformer to ensure it was reasonably safe for use by passengers, including Plaintiff, rendering the platform unsafe for Plaintiff to wait for the cruise sponsored shore excursion; and/or
   e. Failure to promulgate and/or enforce adequate policies and procedures to allow the Defendant's employees to make sure that passengers waiting in this area, which was constantly used by the Defendant, to allow its' passengers including Plaintiff, to wait for cruise sponsored shore excursions to wait in a safe manner, rather than leading passengers, including Plaintiff, to a known unsafe platform which ultimately caused Plaintiff's injuries;
   f. Failure to promulgate and/or enforce adequate policies and procedures for inspection, maintenance, monitoring, and repair to ensure that the platform was safe when used by passengers, including Plaintiff, rendering the platform unsafe for Plaintiff to wwait for the cruise sponsored shore excursion; and/or; and/or

3

    g. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

    h. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

    i. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

    j. Failure to conduct tests on the platform to determine whether it was reasonably safe in order to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

    k. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

18. Defendant created the foregoing conditions causing Plaintiff's accident.

19. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This in light of the fact that this was the "known" waiting / gathering area for the cruise sponsored shore excursion in Mexico and that Plaintiff was specifically led to this gathering area by the Defendant's crew.

20. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; suffered physical handicap; lost wages and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23. On or about September 16, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition.

24. On or about September 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: a dangerous platform used by the Cruise line for its' passengers to wait for cruise line sponsored shore excursions which Defendant had actual knowledge of and was on notice of; and/or
   c. Failure to warn Plaintiff of a dangerous condition, to wit: a dangerous platform used by the Cruise line for its' passengers to wait for cruise line sponsored shore excursions which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of.

25. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. This in light of the fact that this was the "known" waiting / gathering area for the cruise sponsored shore excursion in Mexico and that Plaintiff was specifically led to this gathering area

5

by the Defendant's crew.

27.  The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

28.  As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; suffered physical handicap; lost wages and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: March 15, 2021,

Respectfully submitted,

/s/ *Louis A. Vucci, Esq.*
Louis Vucci, Esq.,
Fla. Bar No.:131581
Louis@thevuccilawgroup.com
Louis A. Vucci, PA
Attorney for the Plaintiff
1 S.E. 3rd Avenue, Suite 3020
Miami, Florida 33131
Tel. (305) 573-0125
Facsimile (786) 536-7799